Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICE
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone:  (208) 333-0702
Facsimile:  (208) 246-8655
courtservice@idalawyer.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

* * * * *

| | | |
|---|---|---|
| ERIC J. COPENHAVER, an individual, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| BAXTER INTERNATIONAL, INC., a corporation, BAXTER HEALTHCARE CORPORATION, a company, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a company, JOHN DOE I-X, | ) ) ) ) ) | **JURY TRIAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

* * * * *

COMES NOW the Plaintiff Eric J. Copenhaver, by and through his counsel of record,

Hepworth Law Offices, and for a cause of action against the Defendants, hereby state and allege as

follows:

COMPLAINT AND DEMAND FOR JURY TRIAL
- 1

## I. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) for federal question jurisdiction regarding Plaintiff's ERISA claim arising under 29 U.S.C. § 1132 *et seq.* and 42 U.S.C. § 12111 *et seq.* regarding his discrimination and wrongful termination under the ADA.

2. Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b), 29 U.S.C. § 1132(3)(2), and 42 U.S.C. § 12117 because the acts and omissions which form the basis of this complaint occurred in the State of Idaho wherein Copenhaver worked and resided.

## II. PLAINTIFF

3. Eric J. Copenhaver, hereinafter referred to as "Copenhaver," is a forty-seven-year-old male residing in the City of Meridian, Ada County, State of Idaho. Copenhaver is a participant and beneficiary of the Baxter International Inc. and Subsidiaries Welfare Benefit Plan For Active Employees ("The Plan"). The Plan is governed under the Employee Retirement Income Security Act ("ERISA").

## III. DEFENDANTS

4. Defendant Baxter International, Inc. doing business as Baxter Healthcare is an international corporation headquartered in Deerfield, Illinois. Baxter International, Inc. acting by and through its Administrative Committee is the Plan Sponsor, named Administrator, and a fiduciary of The Plan. Defendants are doing business in Idaho through the employment of Copenhaver and other employees.

5. Defendant Baxter Healthcare Corporation is believed to be a subsidiary of Baxter International, Inc. and is also believed to be a fiduciary under The Plan. Baxter Healthcare Corporation is a Delaware corporation doing business at 1 Baxter Parkway, Deerfield, Illinois, 60015. Baxter International Inc. and Baxter Healthcare Corporation shall be referred to jointly as "Baxter." Baxter was Plaintiff's employer and is currently doing business in the State of Idaho.

6. Defendant Liberty Life Assurance Company of Boston is believed to be a Plan fiduciary and/or an Administrator under The Plan, as well as a "Claims Administrator," as that term is defined by The Plan.

7. JOHN DOES I-X are unknown individuals, entities, or subsidiaries of the named Defendants that may have been responsible for the acts and omissions alleged herein.

## IV. GENERAL ALLEGATIONS

8. Plaintiff Copenhaver was hired by Baxter International Inc. and/or Baxter Healthcare Corporation to serve as Service Specialist with Baxter's Supply Chain Renal Division. Copenhaver's position required him to drive a Class B CDL delivery truck and make deliveries to customers and clients.

9. Between November 2016 and July 2017, Copenhaver began to suffer chronic bilateral shoulder pain in his right and left shoulders. Mr. Copenhaver began to notice decreased range of motion in his shoulders, which began to make even removing his shirt difficult. Copenhaver initially sought treatment with his chiropractor, as well as a primary care provider, and later an orthopedic specialist.

10. Copenhaver's pain and reduced mobility became so severe that he could no longer complete the essential duties of his job. Copenhaver took a leave of absence beginning approximately July 22, 2017. Copenhaver also filed a claim for Short Term Disability benefits as provided under The Plan.

11. Copenhaver was temporarily approved for short-term disability benefits to begin on August 1, 2017 through December 4, 2017.

12. Copenhaver was diagnosed with Adhesive Capsulitis of both his left and right shoulders and has been under the regular care of a physician since the diagnosis. Copenhaver's medical providers placed him on strict work restrictions, which included "no lifting overhead. No lifting greater than 20 lbs." Copenhaver's doctors were optimistic that his condition would improve over time, although his condition is estimated to take at least 18-24 months to fully resolve.

13. Baxter, acting by and through Liberty Life Assurance Company of Boston, unexpectedly ended Copenhaver's Short Term Disability benefits effective December 4, 2017. Copenhaver appealed the denial of his disability benefits under the Plan.

14. While awaiting recourse on what Copenhaver claims was an improper denial of his Disability benefits under The Plan, Copenhaver reached out to his supervisor at Baxter to request reasonable accommodation pursuant to the Equal Opportunity for Individuals with Disabilities Act and Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*

15. Whereas Mr. Copenhaver could not perform the required repetitive lifting of weights over twenty pounds, Mr. Copenhaver could still perform the driving duties and other light lifting requirements. Following a hand injury in 2016, Baxter had accommodated him by allowing him

to drive truck for Baxter, while other employees handled the customer deliveries. In that case, Baxter had accommodated Copenhaver while he recovered.

16. Upon information and belief, Copenhaver is aware of at least one other Boise-based Service Specialist who Baxter Healthcare Corporation accommodated due to physical limitations by allowing the employee to drive while other employees finished the deliveries.

17. On approximately March 19, 2018, Copenhaver spoke with his immediate supervisor, Jon Cousineau, about exploring the driving accommodation, and sought to engage in an interactive process regarding other accommodations that might allow Copenhaver to return to work, including other vacant positions in the company.

18. On March 23, 2018, Copenhaver spoke with supervisors at Baxter. Whereas Mr. Copenhaver expected to speak about how he could come back to work, instead he was informed that he would be terminated and that his letter of termination was expected to arrive later that day. Mr. Copenhaver thereafter received his letter of termination dated March 21, 2018.

19. Baxter made no effort to explore other ways that the company could accommodate Copenhaver while he continued to improve the physical function in his shoulders, other positions that were currently vacant, or other methods by which Baxter could accommodate Copenhaver's physical limitations.

20. On April 27, 2018, Copenhaver filed a complaint with the Idaho Human Rights Commission and the EEOC for a discrimination claim under the ADA for failure to accommodate and retaliation.

21. On February 21, 2019 Copenhaver received a Notice of Right to Sue from the Idaho Human

COMPLAINT AND DEMAND FOR JURY TRIAL
- 5

Rights Commission. On February 26, 2019, Copenhaver received a Notice of Right to Sue from the EEOC. Copenhaver has therefore exhausted all administrative remedies under the ADA, 42 U.S.C. § 12111 *et seq*.

22. In a letter dated September 20, 2018, Baxter, acting by and through the Administrative Committee of Baxter International Inc., submitted its final claim denial within the meaning of Department of Labor Regulation Section 2560.503-1(h). Copenhaver thereby exhausted all administrative remedies pursuant to Section 502(a) of ERISA.

## COUNT I:

## VIOLATION OF ERISA, SECTION 502

### (Baxter International, Inc., Baxter Healthcare Corporation, Liberty Life Assurance Company of Boston and John Does)

23. Plaintiff realleges and incorporates by reference all paragraphs above as if restated herein.

24. The Plan is an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1),(3) that provides benefits to employees of Baxter International, Inc. and its participating subsidiaries, including Baxter Healthcare Corporation.

25. Through his employment with Baxter, Copenhaver became a participant and a beneficiary in the Baxter International Inc. and Subsidiaries Welfare Benefit Plan For Active Employees.

26. Defendants Baxter International Inc., Baxter Healthcare Corporation, Liberty Life Assurance Company of Boston, and John Does are Sponsors, Administrators, and Named Fiduciaries of The Plan, and therefore each is a "party of interest" as defined by 29 U.S.C. § 1002(14).

27. Due to the pain and lack of mobility resulting from his bi-lateral Adhesive Capsulitis in his shoulders, Copenhaver was unable to perform the substantial and material duties of his current job on a full-time basis.

28. At all times material, Eric Copenhaver has been under the care of a licensed physician.

29. Copenhaver thereby meets the definition of "disability" as defined by The Plan.

30. Defendants abused their discretion under the Plan by denying Copenhaver benefits under the Disability Policy as of December 4, 2017.

31. Defendants arbitrarily and capriciously ignored and failed to give proper weight to the medical opinions of Mr. Copenhaver's treating physicians and the independent medical analysis of Dr. James H. Bates. Defendant's failure to provide Copenhaver with disability benefits is a direct breach and violation of The Plan.

32. Defendants also breached The Plan's provisions by denying Copenhaver Long-Term Disability Benefits for which he would have otherwise been entitled to under The Plan.

33. Defendants' denial of Copenhaver's claim for disability benefits is a breach of the Plan, in violation of 29 U.S.C. § 1132(a) *et seq.*

34. As a direct and proximate result of Defendants' violation of The Plan, Copenhaver has been improperly denied Short-Term and Long-Term Disability benefits under The Plan, as well as other employment benefits.

35. As a direct and proximate result of Defendants' refusal to abide by and enforce The Plan's provisions, Copenhaver was required to employ counsel to prosecute this action and is entitled to an award of attorney fees pursuant to 29 U.S.C. § 1132(g)(1).

## COUNT II:

## Violation of the Equal Opportunity for Individuals with Disabilities Act and Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* and Retaliation
## (Baxter International, Inc., Baxter Healthcare Corporation, and John Does)

36. Plaintiff realleges and incorporates by reference all paragraphs above as if restated herein.

37. Alternatively, Copenhaver was a "qualified individual" as defined by 42 U.S.C. § 12111(8), in that with accommodation, he could perform the essential functions of his current position and of other positions he desired within the company.

38. In March 2018, Copenhaver requested a reasonable accommodation in the form of job restructuring, reassignment to a different position, or to engage in an interactive process to identify other means of accommodation to return to work in light of his disability and physical limitations.

39. Baxter discriminated against Copenhaver in violation of 42 U.S.C. § 12112 by failing to engage in any form of interactive process and failing to make reasonable accommodations for Copenhaver's known physical limitations.

40. Baxter further interfered and retaliated against Copenhaver in violation of 42 U.S.C. § 12203(a), (b) by terminating Copenhaver in its letter dated March 21, 2018. Baxter's decision to terminate Copenhaver was because of Copenhaver's request for accommodation and expressed desire to engage in a thorough interactive process only days earlier.

41. As a direct and proximate result of Baxter's discrimination, failure to accommodate, interference, and retaliation, Copenhaver has suffered lost wages, future lost wages, lost employee benefits including insurance and retirement benefits, and other damages to be proven

at trial. Copenhaver has also suffered general damages such as mental anguish, inconvenience, financial stress, and loss of enjoyment of life.

## V. ATTORNEY'S FEES AND EXPERT WITNESS FEES

42. Copenhaver has been required to obtain an attorney for purposes of prosecution of this action and is therefore entitled to recover reasonable attorney's fees and costs against the Defendants pursuant to 42 U.S.C. § 12205, 29 USC § 1132(g)(1), and as otherwise allowed under Fed. R. Civil Procedure 54(d)(2). A reasonable attorney's fee is $400.00 per hour for all time incurred litigating this dispute.

43. Copenhaver also anticipates needing to retain expert witnesses at a reasonable market rate and seeks reimbursement of all expert fees and expenses associated with pursuing these causes of action.

## VI. DEMAND FOR TRIAL BY JURY

44. Pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(a), Copenhaver demands a trial by jury on any and all issues, whether triable by right or otherwise.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Copenhaver respectfully prays for judgment against Defendants as follows:

a) Recovery of all benefits owing and due under The Plan, both past and future;

b) Recovery of all past and future lost wages;

c) Recovery and/or reinstatement of all retirement benefits, health insurance, life insurance, and other benefits;

d) Declaratory and/or injunctive relief ordering payment of future benefits under The Plan;

e) An award of pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961 and I.C. § 28-22-104, or other applicable law;

f) For an award of court costs, attorney fees, and expert witness fees pursuant to 29 USC § 1132(g)(1) and 42 U.S.C. § 12205;

g) For such other and further relief as the Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY

DATED this 7th day of March, 2019.

HEPWORTH LAW OFFICE

By *J. Grady Hepworth*
Jeffrey J. Hepworth
J. Grady Hepworth
*Attorneys for Plaintiff*